WAYNE MOCEK, JR., ET AL. *v.* CHESTER B. ROBINSON
(4873)

DUPONT, C. J., BORDEN and DALY, Js.

Submitted on briefs March 2—decision released April 7, 1987

*Lloyd L. Andersen* filed a brief for the appellants (plaintiffs).

*Jeffrey J. Mirman* and *Susan I. Hellerman* filed a brief for the appellee (defendant).

PER CURIAM. The plaintiffs, a minor child and his father, sought damages arising out of the collision of the minor child's bicycle with the defendant's car. One of the defendant's special defenses was that the action was barred because it was not brought within two years from the date of the accident. The plaintiffs alleged in their reply to the special defense that pursuant to General Statutes § 38-323 (a), the two year limitation period for the bringing of a suit does not begin to run until after damages in excess of $400 have accrued, and, also, that the statute of limitations was tolled by the defendant's absence from this state. The defendant moved for summary judgment which was granted and the plaintiffs have appealed from that judgment.

Certain facts are not in dispute. The accident occurred on November 2, 1982, and the writ, summons and complaint were delivered to the sheriff for service on the defendant on November 12, 1984. The defendant moved to Massachusetts approximately eight months after the accident. The minor plaintiff alleged in his complaint that he suffered a broken thigh bone.

Prior to the time the defendant moved from this state, the plaintiffs could have effected personal service here, and after his move, the plaintiffs could have

made service pursuant to General Statutes § 52-62 under this state's provisions for service upon the commissioner of motor vehicles when a nonresident is involved in an accident in which it is claimed that he negligently operated a motor vehicle in this state. General Statutes § 52-62 (d) specifically states that, for purposes of General Statutes § 52-62, a nonresident "includes a person who is a resident of this state at the time a cause of action arises and who subsequently moves to another jurisdiction."

General Statutes § 38-323 (a) states that no cause of action to recover economic loss based on negligence arising out of the use of a private motor vehicle may be maintained unless one or more of various conditions exist. Pertinent to this case is the fact that the statute allows such an action if the expenses of a plaintiff exceed $400 *or* if there has been a fracture of any bone. When a suit is permitted under the statute, the suit is governed by the limitation period of General Statutes § 52-584. General Statutes § 38-335. Since the minor plaintiff sustained a bone fracture, he had to bring his action within two years.

There was no material fact in issue and the defendant was entitled to judgment as a matter of law.

There is no error.